United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-4926 |
| | § | |
| BESS ET AL., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**ORDER OF DISMISSAL**

Pending before this Court is Plaintiff's Motion for Default Judgment (Doc. No. 28) and Motion for Summary Judgment (Doc. No. 29). This Court ordered Plaintiff to Show Cause as to how this Court has jurisdiction. (Doc. No. 30). Plaintiff filed a Response to this Show Cause Order. (Doc. No. 31). Reviewing this response, this Court concludes that Plaintiff has failed to demonstrate the jurisdictional basis for this case and **DISMISSES** the case without prejudice for lack of subject-matter jurisdiction.

Plaintiff claims in its response that this Court has diversity jurisdiction over this case. (Doc. No. 31 at 1). To demonstrate that this Court has diversity jurisdiction, Plaintiff must show complete diversity. This means that all defendants and plaintiffs must have diverse citizenship. Any overlapping citizenship will destroy complete diversity.

Plaintiff identifies itself as a limited liability company ("LLC"). "[T]he citizenship of an LLC is determined by the citizenship of all its members." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quotations omitted). "So, to establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." *Id.* (quotations omitted). Lakeview's citizenship will be determined by the citizenship of all its

members, which may require considering multiple layers of LLC membership. *Oryx Delaware Oil Gathering NM, LLC v. Performance Energy Servs., LLC*, No. MO:19-CV-055-DC, 2020 WL 12991133, at *1 (W.D. Tex. July 8, 2020) (discussing the multi-layered nature of determining citizenship of a "Russian nesting doll of LLCs").

Plaintiff alleges that Lakeview's sole member is Bayview MSR Opportunity Corporation, which is incorporated in Delaware and operates its principal place of business in Florida. (Doc. No. 31 at 2). Therefore, on these facts, Lakeview is considered a citizen of Delaware and Florida for diversity purposes.

Plaintiff's response alleges that Defendant GoodLeap, LLC's sole member is Paramount GR Holdings, LLC. As mentioned, to determine GoodLeap's citizenship, this Court must continue up the corporate chain if an LLC's member is another LLC. Lakeview alleges that Paramount GR Holdings, LLC (GoodLeap's sole member) has three members: (1) Paramount Owner Holdings Company, Inc., (2) BKM Holdings, LLC, and (3) GRPMT, LLC. (Doc. No. 31 at 3). Although Plaintiff does not plead the membership of either BKM Holdings, LLC or GRPMT, LLC (which it is required to do), this Court finds that complete diversity is already destroyed on its face by the citizenship of Paramount Owner Holdings, Inc. Plaintiff has alleged that this corporation is incorporated in Delaware and has a principal place of business in California. (*Id.* at 4). Paramount GR Holdings, LLC—Defendant GoodLeap's sole member—takes on the citizenship of all of its members, including this Delaware corporation. This means that both Plaintiff Lakeview and Defendant GoodLeap are considered citizens of Delaware, and complete diversity is lacking.

Since Plaintiff has not pleaded any other jurisdictional basis, this Court concludes that it lacks subject-matter jurisdiction over this case. Accordingly, this case is **DISMISSED** without prejudice.

It is so ordered.

Signed on this the 3rd day of November, 2026.

Andrew S. Hanen
United States District Judge